FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 30 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAURICE PEGGS,

        Plaintiff,

  -against-

JOE REHOR, et al.,

        Defendants.
-----------------------------------------------------------------x

MEMORANDUM & ORDER

14-cv-1914 (ENV) (MDG)

VITALIANO, D.J.,

  On March 21, 2014, plaintiff Maurice Peggs filed this complaint against a number of individuals, known and unknown, with whom he previously worked at Bethpage State Park. Plaintiff was a caddie there at the famed Bethpage Black Course for six years, before he was asked, in February 2014, by defendant Dave Casper, not to return for the 2014 golf season.[1] Plaintiff, a Black man, now claims that his co-workers discriminated against him on the basis of his race, ethnicity, and religion. He alleges that his employment was wrongfully terminated, that the golf course wrongfully failed to promote him, that the terms of his employment were unequal, and that he was retaliated against for making unspecified complaints. Peggs's application to proceed *in forma pauperis* is granted, but, for the reasons that follow, his complaint is dismissed. The dismissal, though, is without prejudice and

---

[1] Background facts are drawn from the allegations in plaintiff's complaint, which are deemed true for the purposes of this decision.

1

with leave to amend in accordance with this Order.

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, as Peggs does, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

In order to pursue a claim in federal court for employment discrimination under Title VII, a plaintiff is required to first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or a state or local agency,

and receive a right-to-sue notice. 42 U.S.C. § 2000e-5(e)(1); *see Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001). The Second Circuit has consistently held that "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (internal citations and quotations omitted). Plaintiff has made no indication that he has filed a charge of discrimination with any appropriate local, state, or federal agency, and he acknowledges that he has no right to sue letter from the EEOC.

Furthermore, under Title VII, plaintiff may only seek relief against his "employer," which is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e-(b). Title VII does not extend liability to any individual employees of the employer. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998). In this case, plaintiff names only individual defendants, most of whom he fails to connect in any way to his grievances.

For these reasons, plaintiff's Title VII claims must be dismissed. In light of plaintiff's *pro se* status, however, the Court liberally construes his claims as also arising under 42 U.S.C. § 1983, which provides a cause of action against "any person who, acting under color of state law, deprives another of a right, privilege, or

immunity secured by the Constitution or laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). It appears from the complaint that the individual defendants are public employees, though the complaint lacks sufficient specificity to hold any accountable, save perhaps Casper, for a denial of plaintiff's rights under color of state law.[2] *See Shelley v. Kraemer*, 334 U.S. 1, 13, (1948); *see also United States v. Price*, 383 U.S. 787, 794, (1966) ("To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents"). Plaintiff's *pro se* status does not relieve him of the obligation to satisfy his pleading burden, but, since on the face of the complaint it is not certain (no matter how dubious) that he cannot meet the § 1983 pleading standard, solicitude requires he be given another chance to do so, if he can do so in good faith.

In summary, in order to state a claim upon which relief may be granted, plaintiff must demonstrate that he has exhausted his administrative remedies and name his employer as a defendant, for Title VII purposes, or plead particular facts to suggest that his constitutional rights were impinged by a defendant or defendants acting under color of state law, for § 1983 purposes. His complaint, as it stands, has done neither. For these reasons, plaintiff's putative claims under both Title VII and § 1983 are dismissed, but with leave to amend.

---

[2] The Court is not privy, nor does the complaint make clear, the nature of golf course operations at Bethpage. It is not uncommon for public golf courses to concession golf operations to a private outside contractor. In such a circumstance, Peggs's employer may not be a state actor at all.

## Conclusion

For the foregoing reasons, plaintiff has failed to state a claim upon which relief may be granted. His complaint is, therefore, dismissed, but without prejudice and with leave to amend should he be able to do so in good faith. Pursuant to this grant of leave, Peggs may file an amended complaint, but must do so within 30 days of the entry on the docket of this Memorandum and Order. Should plaintiff decide to file an amended complaint, it shall be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. If plaintiff fails to timely file an amended complaint within 30 days of the entry of this Order on the docket, this case will be dismissed with judgment entered for all defendants. Nothing in this Memorandum and Order, however, is intended to bar plaintiff from filing a Title VII action solely against his former employer should he not file an amended complaint within 30 days but subsequently receives a right to sue letter upon the exhaustion of any timely pursued administrative remedies.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 28, 2014

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge